**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

NOV 4 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JINGNA WANG,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No. 19-73147

Agency No. A205-769-037

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 21, 2020
Honolulu, Hawaii

Before: WALLACE, BEA, and BENNETT, Circuit Judges.

Petitioner Jingna Wang seeks review of the decision of the Board of

Immigration Appeals (Board), which affirmed the Immigration Judge's (IJ) denial

of her applications for asylum and withholding of removal on adverse credibility

grounds. We have jurisdiction under 8 U.S.C. § 1252 to review final orders of

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

removal. "We review factual findings, including adverse credibility determinations, for substantial evidence." *Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014). "Factual findings are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Id.* (quotation marks omitted) (quoting 8 U.S.C. § 1252(b)(4)(B)). "[A] trier of fact may base an adverse credibility determination on the 'totality of the circumstances,' including, for example, the applicant's responsiveness, consistency between written and oral statements, the internal consistency of those statements, and any inaccuracies or falsehoods without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." *Id.* (citations and quotation marks omitted). "When the BIA conducts its own review of the evidence and law rather than adopting the IJ's decision, our review is limited to the BIA's decision, except to the extent that the IJ's opinion is expressly adopted." *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010) (quotation marks omitted).

In upholding the adverse credibility determination, the Board relied on two of the IJ's findings. First, the Board cited the IJ's finding that Wang's timeline of events was implausible. Wang testified that she wanted to leave China following a forced abortion, but she only did so six years later, after traveling to Southeast Asia

and suffering a second forced abortion. The IJ found that there was no urgency in Wang's applying for a visa to the United States and concluded that her timeline and testimony about a second abortion were not plausible. Second, the Board cited the multiple inconsistencies between Wang's testimony and her and her husband's household registers that she had proffered as documentary evidence. Wang testified that she married her second husband in September 2012. However, her household register issued in October 2012 did not indicate that she was married, and her husband's household register issued in August 2012 indicated that he was already married.

The Board also agreed with the IJ's decision to accord Wang's corroborating evidence limited weight and determined that the documents did not rehabilitate her testimony or independently satisfy her burden of proof. In addition to the issues with the proffered household registers, the IJ identified multiple issues with Wang's documentary evidence, including numerous discrepancies between two versions of Wang's medical records and the timing of when her son's birth certificate and a one-child certificate were issued.

Accordingly, the record does not compel the conclusion that the adverse credibility determination was erroneous or that Wang's corroborating evidence independently satisfies her burden of proof. The petition for review is **DENIED**.